Roy A. Katriel (SBN 265463)
THE KATRIEL LAW FIRM
4225 Executive Square Suite 600
La Jolla, California 92037
Telephone: (858) 242-5642
Facsimile:  (858) 430-3719
e-mail: rak@katriellaw.com

*Counsel for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON H. DARSKY, On Behalf Of Himself And All Others Similarly Situated, | ) Civil Action No. _____ )<br>) **CLASS ACTION COMPLAINT** |
| *Plaintiff,* | ) |
| v. | ) |
| | )  **Jury Trial Demanded** |
| AVVO, INC. | ) |
| *Defendant.* | ) |

# NATURE OF THE ACTION

1. Plaintiff Aaron H. Darsky ("Plaintiff" or "Darsky") brings this action on behalf of himself and all other similarly situated attorneys licensed to practice law in California who have not paid Defendant Avvo, Inc. ("Defendant" or "Avvo") to advertise or market on Avvo's website.  As detailed below, Avvo operates a website in which it lists on separate individual webpages profiles of all licensed attorneys in California (and anywhere in the country).  Avvo obtains this roster without any of the attorneys' involvement or consent, but instead does so by compiling the list from public records like bar admissions or other court records.  For each attorney, without any input from the lawyer, Avvo then creates a personal profile page, which lists that attorney's name, employer (where applicable), years of experience, educational information, areas of practice, as well as an Avvo rating (where applicable) and

any "client endorsements" (where applicable).  Avvo does not charge for this profile listing but instead makes its money by using these attorneys' names and/or likenesses without their consent to sell advertisement or marketing programs to other attorneys who agree to pay Avvo an advertisement or marketing fee.

2. For example, without any involvement, consent, or input whatsoever from Plaintiff Darsky, Avvo created a profile webpage for Plaintiff Aaron H. Darsky, in which Avvo listed Mr. Darsky's name, years of experience, former employer, educational information, and an Avvo rating.  A copy of that webpage is attached hereto as Exhibit 1.  Avvo then, without Mr. Darsky's consent, sold to other attorneys practicing law in California, the right to place their advertisements or marketing profiles on the profile page identified by Mr. Darsky's name and/or likeness.  As a result, any person who visits the Avvo page identifying Mr. Darsky's name and/or likeness will see on Mr. Darsky's same webpage profile, advertisements or marketing profiles of three or more other attorneys in California whose names and marketing profiles have been placed on Mr. Darsky's page solely because these other attorneys have paid Avvo an advertising or marketing fee.  *See* Exhibit 1 hereto (containing marketing profiles for other California attorneys on Mr. Darsky's Avvo page).  In this way, Avvo has used and misappropriated Mr. Darsky's name and/or likeness without Mr. Darsky's consent in violation of California statutory law and the common law against misappropriation of another's name and/or likeness.  Avvo engages in this practice across the board, and uses the names and/or likenesses of virtually all California licensed attorneys who do not pay Avvo an advertising or marketing fee to sell advertising or marketing to other attorneys who do pay Avvo to advertise or market on Avvo's site.  In this way, Avvo unlawfully capitalizes on the names and/or likenesses of Plaintiff and the Class members.

3. The only way for Plaintiff or other aggrieved attorney to obtain relief from Avvo's use and misappropriation of his or her name and/or likeness to sell advertising or marketing to other paying attorneys is for that attorney himself for herself to pay Avvo an advertising or marketing fee.  This is because, as detailed below, part of Avvo's selling pitch for its advertising or marketing programs is that those attorneys who pay Avvo to advertise or market on Avvo's site will have their ads placed on the Avvo pages of other lawyers but will not have any ads from lawyers placed on their Avvo profile

*Darsky v. Avvo, Inc.*,

Class Action Complaint

webpage.  Plaintiff brings this action to seek monetary, statutory, and punitive money damages, as well as equitable, declaratory, and injunctive relief, and attorneys' fees and costs of suit against Avvo for its unlawful conduct.

4.    Count I of this Class Action Complaint seeks redress for Avvo's violation of California Civil Code Section 3344, which provides in pertinent part that:

> (a) Any person who knowingly uses another's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's prior consent, or, in the case of a minor, the prior consent of his parent or legal guardian, shall be liable for any damages sustained by the person or persons injured as a result thereof. In addition, in any action brought under this section, the person who violated the section shall be liable to the injured party or parties in an amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages suffered by him or her as a result of the unauthorized use, and any profits from the unauthorized use that are attributable to the use and are not taken into account in computing the actual damages. In establishing such profits, the injured party or parties are required to present proof only of the gross revenue attributable to such use, and the person who violated this section is required to prove his or her deductible expenses. Punitive damages may also be awarded to the injured party or parties. The prevailing party in any action under this section shall also be entitled to attorney's fees and costs.

Cal. Civil Code, § 3344(a).

5.    Count II of this Class Action Complaint seeks redress for Avvo's common law misappropriation of Plaintiff's and the Class members' respective names and/or likenesses.  Count III of this Class Action Complaint seeks redress under California's Unfair Competition Law ("UCL"), California Business and Professions Code, § 17200 *et seq*.

6.  The Class Period applicable to this Class Action Complaint is spans from December 5, 2013 until such date as the Court enters an Order on Plaintiff's anticipated motion for class certification ("Class Period").

## PARTIES

7.    Plaintiff Aaron H. Darsky is a resident of San Francisco, California, and an attorney

admitted to practice law in the State of California with over 14 years' experience. Mr. Darsky practices litigation, and is currently a partner at The Law Offices of Eric L. Lifschitz in San Francisco, where he litigates landlord-tenant matters and class actions. He previously was employed at the law firm of Schubert & Reed LLP (now known as Schubert, Jonckheer & Kolbe LLP), also in San Francisco, where he litigated class action matters.

8. During the Class Period and continuing until the present, Defendant Avvo, without Mr. Darsky's involvement, input, or consent, featured a webpage on its Avvo site dedicated to Mr. Darsky's profile as a practicing lawyer in California. A copy of the current version of that profile webpage that Avvo created using Mr. Darsky's name and/or likeness is attached hereto as Exhibit 1. The page identifies Mr. Darsky's full name, his area of practice (litigation), his location (San Francisco, California), his years of experience (14 years), and lists his contact information of his employer, Schubert & Reed (Avvo did not update the information to reflect that Mr. Darsky no longer is employed by Schubert & Reed but is now a partner at The Law Offices of Eric L. Lifschitz). *See* Ex. 1 hereto. The Avvo webpage purports to list a "Resume" for Mr. Darsky that lists the States where Mr. Darsky is admitted to practice law (California), date of admission, and his educational background (Mr. Darsky did not craft this resume and provided no input or consent to its posting). *Id*. The Avvo webpage for Mr. Darsky also contains what Avvo terms an "Avvo Rating."

9. Aside from the name and other information identifying Mr. Darsky's name and likeness, Avvo has also placed right in the middle of the profile webpage featuring Mr. Darsky's name and/or likeness, three attorney photographs and short write-ups for other California attorneys that Avvo designates as "Sponsored Listings." In the current version of Mr. Darsky's Avvo-created webpage, these "Sponsored Listings" featured in the middle of Mr. Darsky's page tout the purported qualifications of one Ayad Michael Nalu, with a photograph of Mr. Nalu, an advertising slogan for Mr. Nalu's firm, and a link to Mr. Nalu's firm website, as well as a separate advertisement of Daniel Adam Kaplan, with a photograph of Mr. Kaplan, an advertising slogan for Mr. Kaplan's firm, and a link to Mr. Kaplan's law firm. *See* Ex. 1 hereto at p.1. Mr. Darsky never authorized the use of his name and/or likeness by Avvo for the purposes of promoting or advertising the foregoing California attorneys.

10.     Aside from the foregoing these two "Sponsored Listings" placed by Avvo in the Profile webpage featuring Mr. Darsky's name and/or likeness, Avvo also placed a separate picture and advertisement for yet a third California attorney at the bottom of Mr. Darsky's Avvo-created webpage. That third attorney picture and advertisement is purported to be that of one Pajman Jassim, who is described in the advertisement placed by Avvo on Mr. Darsky's Avvo-created webpage as having a "Full Service Firm," and "Putting Clients First," and "Attentive and Prepared." *See* Exhibit 1 hereto. Mr. Darsky never authorized or consented in any way to the use of his name and/or likeness by Avvo to advertise or sell advertising space to Mr. Jassim (or to any other attorney or law firm).

11.     Defendant Avvo, Inc. is a corporation organized under the laws of the State of Washington, having its principal place of business at 705 Fifth Avenue South, Suite 600, Seattle, Washington 98104. It was founded by attorney Mark Britton. Avvo is in the business of creating an online directory of lawyers in the United States. It obtains the roster of attorneys to be included in Avvo's online directory not from the attorneys themselves, but instead by scouring the public records like bar admissions and other court or regulatory records. Thus, Avvo creates a directory listing of attorneys without any input, involvement, or consent the attorneys listed in Avvo's directory.

12.     While compiling a list of publicly admitted attorneys may be a permissible First Amendment exercise of reporting matters of public concern, Avvo's business practices go far beyond that mere exercise. Instead of merely compiling and posting a list of licensed attorneys, Avvo goes further and, without the consent of the very attorneys whose names and/or likeness-identifying information Avvo has compiled, Avvo uses those attorneys' names and/or likenesses to sell advertising or marketing programs to other attorneys who pay Avvo for these advertising and marketing services. In July 2015, Bloomberg Business News reported that Avvo had a valuation of $650 million, and had managed to raise a total of $132 million in funding. The revenues generated by Avvo come almost exclusively from its unauthorized use of the names and/or likenesses of attorneys like Plaintiff Darsky and the Class members in order to sell advertisement or marketing programs to other attorneys who pay Avvo a fee for this advertising or promotion.

**JURISDICTION AND VENUE**

13. This Court has subject-matter jurisdiction over all the claims asserted in this Class Action Complaint pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) because the Class Action Complaint alleges class action claims on behalf of a Class whose members are of diverse citizenship than Defendant's citizenship (i.e., a California Class alleging claims against a Defendant citizen of the State of Washington), and the amount in controversy exceeds $5 million, exclusive of costs and prejudgment interest.   Alternatively, to the extent that the Court were to find that any claim being asserted did not satisfy the requirements of the Class Action Fairness Act, this Court independently would have supplemental subject-matter jurisdiction over any such claim pursuant to 28 U.S.C. § 1367 because all the claims arise from the same operative set of facts that give rise to the claims over which this Court does have original subject-matter jurisdiction.

14. This Court has personal jurisdiction over Defendant because Avvo markets, sells, and collects money from California attorneys for Avvo's marketing and advertising campaigns detailed herein.  Avvo also uses the names and/or likenesses of California-licensed attorneys to sell advertising and marketing programs to other California attorneys who pay Avvo a fee.  Avvo's purposeful availment of its contacts with California and California attorneys is such that it would not be unfair or unexpected to subject Defendant to suit within this Court and district.

15. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.  Plaintiff is located within this judicial district.  His name and/or likeness were misappropriated and/or used without his consent by Avvo to sell advertising or marketing programs to other attorneys within this judicial district.  The elements of the causes of action pled in this Class Action Complaint all arose within this judicial district.  Moreover, Plaintiff's protectable property interest that is at issue in this Class Action Complaint (i.e., his property interest in his name and/or likeness) is located in this judicial district where Plaintiff resides and practices law.

**THE AVVO BUSINESS MODEL**

16. Avvo is in the business of, *inter alia*, compiling an online directory of licensed attorneys

in the United States that is accessible to anyone online. Avvo's online attorney directory features separate webpage profiles for each of the attorneys that Avvo lists in its online directory. *See, e.g.,* Ex. 1 hereto (Avvo-created webpage profile for Mr. Darsky). Avvo obtains the information for these webpages and initially creates these profile webpages without the involvement, consent, or input from the attorneys featured in the online listings. Instead, Avvo purportedly gathers this information from the public records, like bar admissions or other court or regulatory records. Avvo touts this directory as benefitting consumers, who can access identifying information about attorneys when consumers do an online search for a particular lawyer, or for a lawyer in a particular region or area of practice. Avvo does not charge attorneys for posting their Avvo-created basic profile webpage on Avvo's online directory (indeed the attorneys need not even consent to being listed), and does not charge consumers a fee for accessing Avvo's online attorney directory. Avvo's revenues, therefore, derive not from the mere creation or compiling of this online attorney directory, but instead from the use and misappropriation of these attorneys' names and/or likenesses to sell advertising and marketing programs to other attorneys who do pay Avvo a fee for such services.

**The "Avvo Pro" Service – Avvo Charges Attorneys For Them To Avoid Having Their Names And Likeness Used To Sell Advertising To Other Attorneys**

17. As the foregoing allegations detail, Avvo's initial compiling and posting of what it calls its "Avvo Profile" for each licensed attorney is done by Avvo without the involvement, consent, or input of the attorney to whom the profile belongs. Avvo does not charge a fee for this Avvo Profile. Instead Avvo uses that Avvo Profile to sell and place marketing profiles or advertisements of other attorneys who pay Avvo a fee.

18. One of Avvo's paid marketing programs is called "Avvo Pro." Unlike the free "Avvo Profile" that Avvo itself creates and posts without charge, the Avvo Pro profile is a fee-based marketing plan for which Avvo charges participating attorneys a recurring monthly fee. In Avvo's online description of its "Avvo Pro" paid marketing program (a copy of which is attached hereto as Exhibit 2), Avvo touts its "Avvo Pro" marketing program to attorneys as follows:

> <u>Take your profile to the next level.</u>
>
> Your Avvo Profile represents your first opportunity to make an impression on prospective clients. Using the suite of tools offered by Avvo Pro gives you the opportunity to customize your profile and maximize its impact.
>
> ▪ Create a personal introduction for each of your practice areas to capture the attention of potential clients.
>
> ▪ **<u>Other lawyers' sponsored ads won't appear on your profile, keeping the focus on the services you can provide.</u>**

Ex. 2 hereto at p.1 (emphasis added).

19. In other words, in order for an attorney not to have his or her name and/or likeness used by Avvo to sell and feature the ads of other or competing attorneys, Avvo informs attorneys that they need subscribe to, and pay Avvo for, the "Avvo Pro" marketing program so that "[o]ther lawyers' sponsored ads won't appear on your profile." *Id*.

20. Mr. Darsky, like the members of the Class he seeks to represent, did not pay Avvo to purchase an "Avvo Pro" marketing program, so his name and/or likeness (and those of the putative Class members) was used to sell marketing profiles and advertisements to other California attorneys who did pay Avvo for advertising or marketing fees.

**<u>The "Avvo Advertising" – Avvo Uses The Names And/Or Likenesses Of The Class Members To Sell Advertising To Paying Advertising Attorneys</u>**

21. In addition to the "Avvo Pro" program, Avvo also sells an "Avvo Advertising" program. Unlike the free "Avvo Profile" that Avvo itself creates and posts without charge, the "Avvo Advertising," like the "Avvo Pro" program, is a fee-based marketing plan for which Avvo charges participating attorneys a fee. In Avvo's online description of its "Avvo Advertising" paid advertising program (a copy of which is attached hereto as Exhibit 3), Avvo touts its "Avvo Advertising" program to attorneys as follows:

> More Visibility. More Business.
>
> As the premier destination on the web for people seeking legal services, Avvo advertising gets you greater exposure among the millions of Avvo visitors each month.

- Targeted, low-cost advertising solutions put your services in front of those most likely to need them.
- Sponsored listings and display ads appear across the site, getting you noticed by more potential clients every day.

Exhibit 3 hereto, at p.1.

22. Avvo's description of its "Avvo Advertising" program also emphasizes how the ads of paying attorneys will be prominently displayed as "Sponsored Listings" within the profile pages of other attorneys whose geographic location and practice area are most relevant to the advertiser:

<u>Smart, proven paid options to help you generate more leads and get more clients.</u>

Avvo Advertising is targeted, measurable, and flexible, allowing you to focus your resources and maximize exposure to the prospective clients most likely to hire you.

- Define who sees your ad **based on practice area and geography to make sure you're reaching the clients who need your services**.
- Receive detailed reporting to know how your ads are performing.
- With no long-term contracts or set up fees, you'll have increased flexibility with your marketing strategies.

. . . .

<u>Sponsored listing</u>

With their prominent location, sponsored listings are often the first thing potential clients see. Quickly and easily place your services in front of those in need of them.

- Appearing across the site, **including above lawyer search results**, Q&A forum pages, Legal Guides and competitor profiles.
- Easy-to-use so your ad will often go live within 24 hours.

*Id*. (emphasis added).

23. Neither Plaintiff nor the members of the Class he seeks to represent paid Avvo to purchase an "Avvo Advertising" program, so their names and/or likenesses featured on their Avvo-created profile pages were used by Avvo to sell and place ads and "Sponsored Listings" of those attorneys who did pay Avvo for the "Avvo Advertising" program.

## CLASS ACTION ALLEGATIONS

24. Pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3), Plaintiff brings this action on behalf of himself and all other similarly situated attorneys licensed to practice law in California who during the Class Period did not pay Avvo fees for marketing or advertising on Avvo's

*Darsky v. Avvo, Inc.*,

Class Action Complaint

site. Excluded from the Class definition are all counsel of record in this action, as well as all judicial officers assigned to this case and their staff. indirect purchasers who purchased the foregoing apparel solely for purposes of resale. Plaintiff reserves the right to amend this Class definition as discovery or other case circumstances warrant.

25. Although the exact number of class members is presently unknown, Plaintiff is informed informed and believe, based on Avvo's own representations, that there are at least thousands of class members, thereby readily satisfying the numerosity requirement for class certification. Avvo's own website, for example, touts that Avvo maintains Avvo-rated profiles for 97% of the lawyers in the United States. Even limiting the Class definition to California, as this Class Action Complaint does, this still amounts to thousands of individual class members.

26. Class certification is also appropriate because there is an identifiable class on whose behalf this class action would be prosecuted. Specifically, Plaintiffs seek to represent a Class of all California licensed attorneys who did not pay Avvo any fees to market or advertise on Avvo's website. This is an objectively defined class whose members can be identified and ascertained.

27. Class certification is also appropriate because there are questions of fact and/or law that are common to the Class members, and that predominate over any issues that may affect only individual members of the Class. Among these predominating common questions of fact and/or law are:

    a. Whether Plaintiff and the Class members have a protectable legal interest in their respective names and/or likenesses;

    b. Whether Defendant has misappropriated Plaintiff's and the Class members' names and/or likenesses;

    c. Whether Defendant has violated California's statutory prohibition on using another's name and/or likeness for advertising or other commercial purposes without consent;

    d. Whether Plaintiff and the Class members have suffered any injury and, if so, the measure of their damages;

    e. Whether Avvo's conduct amounts to an unlawful, unfair, or deceptive business practice within the meaning of California's Unfair Competition Law;

    f. Whether Plaintiff and the Class members will suffer irreparable harm if Defendant's

1         actions are permitted to continue.

2         28. Plaintiff's claims are typical of the claims of the absent Class members in that Plaintiff, like all the absent Class members, is a California-licensed attorney who, because he did not pay Avvo and advertising or marketing fee, has had his name and/or likeness misappropriated and used by Avvo to sell advertising or marketing programs to paying advertising attorneys. The claims Plaintiff advances on his own behalf are identical to the claims asserted on behalf of the Class.

        29. Plaintiff is an adequate class representative in that, as a member of the Class and a California-licensed attorney who has had his name and/or likeness misappropriated or used by Avvo without his consent, his interests are entirely aligned with those of the Class. There are no individual conflicts that prevent Plaintiff from adequately representing the Class. Plaintiff has also retained competent counsel experienced in class action litigation.

        30. Class certification is also independently proper because Defendant has acted or refused to act on grounds generally applicable to the entire Class. Defendant has created webpage profiles identifying the name and/or likeness of the Class members and used their name and/or likeness to sell advertising to other paying advertisers, thereby misappropriating and misusing the Class members' respective names and/or likenesses. Absent a class action, there would be a risk of inconsistent rulings with respect to Defendant's duties to each of the thousands of putative Class members.

        31. A class action presents a superior form of adjudication over individual litigation. The costs of litigating this action against large and sophisticated defendant like Avvo, whose valuation is reported to be over $600 million, in comparison to the recovery or relief sought, would make individual litigation impracticable. In addition, forcing individual litigation would risk the result of inconsistent rulings with respect to the Defendant's duties owed to the various Class members.

        32. A class action is manageable. The proposed class represents an identifiable community in a single State (California) asserting claims for relief under the laws of a single State (California) that can be readily identified, and the relief sought is one that can be overseen by the Court.

## COUNT I

### VIOLATION OF CALIFORNIA CIVIL CODE § 3344

        33. Plaintiff hereby incorporates by reference paragraphs 1-32 of this Class Action

Complaint with the same force and effect as if they had been fully restated herein.

34. Through the foregoing conduct alleged in this Class Action Complaint, Defendant has knowingly used the name and/or likeness of Plaintiff and the Class members without their prior consent in order to sell advertising or marketing programs on Defendant's Avvo website.

35. Plaintiff and each of the Class members have been injured at law and in fact as a direct, proximate, and foreseeable result of Defendant's conduct by having their name and/or likeness, in which they each possess a personal and property interest, used by Avvo in commerce without the Class members' consent.

36. Pursuant to California Civil Code § 3344(a), Avvo is liable to each of the Class members in at least the amount of $750 per class member, as well as being liable for the Class members' attorneys fees and cost of suit.

37. Given the open, repeated, persistent, and brazen nature of Defendant's conduct, and the fact that Avvo effectively extorts a fee from attorneys so that their name and/or likeness will not be used to sell advertising or marketing programs to other attorneys, Plaintiff and the Class members are entitled to and do seek an award of punitive damages against Defendant.

38. Avvo's conduct is ongoing and continuing in nature, such that unless it is enjoined by the Court, Plaintiff and the Class members will continue suffering injury and that injury may be irreparable in that it consists of misuse of Plaintiff and the Class members' respective names and/or likenesses. Plaintiff and the Class members, therefore, are entitled to and do seek and order enjoining and restraining Defendant from continuing to use the names and/or likenesses of Plaintiff and the Class members without obtaining their prior express consent.

## COUNT II

## VIOLATION OF CALIFORNIA COMMON LAW OF MISAPPROPRIATION OF ONE'S NAME AND/OR LIKENESS

39. Plaintiff hereby incorporates by reference paragraphs 1-32 of this Class Action Complaint with the same force and effect as if they had been fully restated herein.

40. Through the foregoing conduct alleged in this Class Action Complaint, Defendant Avvo

1  has used the identity of Plaintiff and the Class members, without their consent, to sell advertising or marketing programs on Avvo's website to other attorneys who pay Avvo fees for such advertising or marketing.

41. As a result, Avvo has misappropriated the name and/or likeness of Plaintiff and the Class members to Avvo's commercial advantage, which Avvo realizes in advertising and marketing fees for ads and marketing programs placed on the profile pages of Plaintiff and the Class members.

42. Avvo has not sought nor obtained the consent of Plaintiff or the Class members before so appropriating Plaintiff and the Class members' respective names and/or likenesses.

43. As a result of Avvo's misappropriation, Plaintiff and the Class members have all be injured at law and in fact by having their name and/or likeness, in which they each possess a personal and property interest, appropriated and used by Avvo in commerce without the Class members' consent.

44. Avvo's conduct is ongoing and continuing in nature, such that unless it is enjoined by the Court, Plaintiff and the Class members will continue suffering injury and that injury may be irreparable in that it consists of misuse of Plaintiff and the Class members' respective names and/or likenesses. Plaintiff and the Class members, therefore, are entitled to and do seek and order enjoining and restraining Defendant from continuing to use the names and/or likenesses of Plaintiff and the Class members without obtaining their prior express consent.

## COUNT III

### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW

45. Plaintiff hereby incorporates by reference paragraphs 1-43 of this Class Action Complaint with the same force and effect as if they had been fully restated herein.

46. The conduct engaged in by Defendants, as alleged herein, is unlawful in that it violates, *inter alia*, California's Civil Code, Section 3344, as well as California's common law of preventing the misappropriation of another's name and/or likeness for commercial purposes.

47. Defendant's conduct described herein was undertaken as part of a business practice.

48. Defendant's conduct, as alleged herein, is also unfair within the meaning of California's

Unfair Competition Law because, *inter alia*, it threatens competition at its incipiency by thwarting Plaintiff and the Class members from making full competitive use of the value of their name and/or likeness.

49. Through Defendant's actions Plaintiff and the Class members conveyed money or interest to Defendants because the names and or likenesses of Plaintiff and the Class members that Defendant used for its own commercial purposes were ones in which Plaintiff and the Class members had a personal and property protectable interest.

50. Plaintiffs and the Class members have standing to and do seek all forms of equitable, declaratory and restitutionary relief available to them under California's Unfair Competition Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class members pray for judgment against Defendant as follows:

A. That the Court determine that this action may be litigated as a class action, and that Plaintiff and his counsel be appointed class representative.s and class counsel, respectively;

B. That Defendant be Ordered to erect a common fund from which it will be required to pay Plaintiff and the Class members statutory, compensatory, and punitive damages to the full extent available under law, as well as all attorneys' fees and costs of suit awarded by the Court;

C. That Defendant be permanently enjoined from continuing in any manner the violations alleged herein, and that Defendant's conduct be declared unlawful and violative of the pertinent California statutes (i.e., Calif. Civil Code, § 3344) and common law;

D. That Defendant be ordered to pay Plaintiff and the Class members' counsel attorneys' fees and costs of suit, as awarded by the Court;

E. That judgment be entered against Defendants and in favor of Plaintiffs and the class members on all counts;

F. That Defendant be ordered to bear the cost of notifying the absent class members of this class action, and of the class members' rights respecting the same;

G. That Plaintiffs and the class members be awarded all such other relief as this Court deems just and proper.

### JURY DEMAND

Plaintiffs respectfully request a trial by jury on all claims and causes of action properly triable before a jury.

Dated:  December 1, 2015                    Respectfully submitted,

  /s/ Roy A. Katriel
Roy A. Katriel (SBN 265463)
THE KATRIEL LAW FIRM
4225 Executive Square, Suite 600
La Jolla, California 92037
Telephone: (858) 242-5642
Facsimile:  (858) 430-3719
email:rak@katriellaw.com

*Counsel for Plaintiff and the Putative Class*